# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2010

Lyle W. Cayce
Clerk

No. 09-60802
Summary Calendar

DONALD BASKIN, Wrongful death beneficiary of Jerome Baskin, deceased;
BENNIE BASKIN, Wrongful death beneficiary of Jerome Baskin, deceased;
JERMAINE BASKIN, Wrongful death beneficiary of Jerome Baskin,
deceased; JYLON DAVIDSON, By and through his mother and next friend,
Ophelia Davidson, wrongful death beneficiaries of Jerome Baskin, deceased

Plaintiffs - Appellants

v.

CITY OF HOUSTON MISSISSIPPI; OFFICER LARRY MIMS

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:07-CV-58

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellants, the family of decedent Jerome Baskin ("Baskin"), appeal the

district court's grant of summary judgment on their various claims against the

City of Houston, Mississippi, and Police Officer Larry Mims ("Mims").

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-60802

Appellants contend that: (1) the district court erred in failing to conclude that a Fourteenth Amendment claim[1] for negligent excessive use of force may be pursued under 42 U.S.C. § 1983; and (2) the district court improperly found all defendants were entitled to sovereign immunity pursuant to the Mississippi Tort Claims Act on Appellants' state law claims. Finding no error, we AFFIRM.

Baskin was a suspect in an armed robbery that occurred earlier in the evening of the tragic events in question. Police went to the home of Baskin's mother to question him. He ran. Mims drew his weapon, and he and two other officers gave chase. Upon being cornered, Baskin attempted to escape. During the ensuing scuffle, Mims accidentally discharged his weapon – shooting and killing Baskin.[2] Appellants brought suit against the City of Houston, Mississippi, and Mims pursuant to 42 U.S.C. § 1983. Appellants also brought a state common law claim for negligence. The district court granted summary judgment on all claims, and this appeal followed.

We find no error in the district court's grant of summary judgment. First, regarding Appellants' 42 U.S.C. § 1983 claim as to Mims, Appellants have conceded that they have no evidence that the shooting was anything other than accidental. Section 1983 does not create a cause of action for negligent violation of substantive due process rights. *See County of Sacramento v. Lewis*, 523 U.S.

---

[1] Appellants have not raised any argument disputing the district court's conclusion that Baskin was never "seized" within the meaning of the Fourth Amendment. As such, any argument on that issue is waived. *Douglas W. ex rel. Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 210-11 n.4 (5th Cir. 1998). Accordingly, like the district court below, we construe Appellants' § 1983 claims as alleging violations of substantive due process under the Fourteenth Amendment. To the extent that a Fourth Amendment claim was raised, any attempt to allege excessive use of force in the course of a negligent seizure is foreclosed by the Supreme Court's decision in *Browder v. County of Inyo.*, 489 U.S. 593, 596-97 (1989) ("It is clear . . . that a Fourth Amendment seizure does not occur . . . [unless] there is a governmental termination of freedom of movement *through means intentionally applied*.").

[2] We note that Appellants originally alleged that Mims intentionally shot and killed Baskin. Appellants subsequently amended their complaint to allege only negligence and, on appeal, Appellants point to no evidence that Mims shot Baskin intentionally.

No. 09-60802

833 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *McClendon v. City of Columbia*, 305 F.3d 314, 326 (5th Cir. 2002) ("Regardless of the theory of liability that a plaintiff is pursuing, in order to state a viable substantive due process claim the plaintiff must demonstrate that the state official acted with culpability beyond mere negligence."). Accordingly, the district court did not err in granting summary judgment on Appellants' constitutional claims.[3]

Second, to the extent the issue has not been waived, Appellants' argument that the appellees are not entitled to sovereign immunity is without merit.[4] The Mississippi Tort Claims Act provides sovereign immunity to government entities and officials for any act or omission causing injury in the course of police activity where the injured party was harmed while "engaged in criminal activity" so long as the government agent did not act "in reckless disregard of the [injured party's] safety and well-being." MISS. CODE ANN. § 11-46-9 (2010). Baskin's flight from the police constituted resisting arrest in violation of MISS. CODE ANN. § 97-9-73 (2010). Appellants do not contend that Mims acted with reckless

---

[3] Appellants protest Mims's decision to draw his weapon in the first place; however, they have provided no authority for the proposition that drawing a service weapon while in pursuit of a suspected armed robber constitutes an excessive use of force. *See generally United States v. Bullock*, 71 F.3d 171, 179 (5th Cir. 1995)("[T]he officers were justified in drawing their weapons on Bullock. . . . [T]he officers took reasonable steps to protect themselves.") Moreover, Appellants' strictly factual argument is without merit as nothing in the record supports a finding that Mims "displayed" his weapon, Baskin saw the weapon, or the weapon was intentionally used as means of apprehending Baskin.

[4] The only state law tort issues regarding Mims in this appeal flow from Appellants' suit against him in his official capacity. Appellants have not appealed the district court's finding that sovereign immunity applied to Mims in his individual capacity. Accordingly, that issue has been waived. *Akanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997).

No. 09-60802

disregard.[5] Accordingly, sovereign immunity applies to all of appellants' state law claims.

AFFIRMED.

---

[5] In fact, Appellants do not even dispute that Baskin was resisting arrest. Instead, they argue the attempted arrest itself was unlawful. Appellants fail to advance any authority demonstrating the unlawfulness of attempting to arrest a suspect positively identified as the perpetrator of an armed robbery after he flees from a residence in plain view of officers.